UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN SPENCER,<br><br>                                   Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO,<br><br>                                   Defendant. | Case No.:  23-cv-771-GPC-BLM<br><br>**ORDER**<br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**<br>**[ECF No. 6]**<br>**(2) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM;**<br>**[ECF No. 5]** |

Plaintiff Melvin Spencer timely filed an amended application to proceed *in forma pauperis* ("IFP"), and a first amended complaint.  ECF Nos. 5, 6.  Based on the reasoning below, the Court GRANTS Plaintiff's amended motion to proceed *in forma pauperis*, and sua sponte DISMISSES with leave to amend the first amended complaint for failure to state a claim.

**A.     Motion To Proceed *In Forma Pauperis***

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except on application for writ of habeas corpus, must pay a filing fee of

$402.[1]   *See* 28 U.S.C. § 1914(a).   An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to section 1915(a).   *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).   The plaintiff must submit an affidavit demonstrating their inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets.   28 U.S.C. § 1915(a)(1); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (demonstrating the statute's applicability to non-prisoner plaintiffs).   "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."   *Escobedo*, 787 F.3d at 1234; *accord Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Spencer submitted an amended IFP application.   ECF No. 6.   Spencer reports having an average gross monthly employment income of $1,300.   *Id.* at 1.[2]   However, he lists his gross monthly pay as $1,450.[3]   *Id.* at 2.   Spencer has roughly $25 in his checking account. *Id.*   He has no assets and reports monthly expenses of $950.   *Id.* at 3–5.   Spencer's highest reported gross income exceeds his expenses by about $500.   Spencer does not need not "be absolutely destitute to enjoy the benefit of the [IFP] statute."   *Adkins*, 335 U.S. at 339. Before paying taxes and any unexpected bills, Spencer is on the cusp of being able to afford both the filing fees and the necessities of life.   However, he does not appear to be living frivolously; has no reportable assets; and a $402 filing fee would represent a significant portion of his monthly income such that he might not be able to afford the necessities of

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute.   *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP.   *Id.*

[2] Page numbers are based on the CM/ECF pagination.

[3] The discrepancy between salary entries could be due a scrivener's error, reflect a misunderstanding that both questions were asking for gross rather than net pay, reflect a change in monthly salary, or something else.   The reason for the difference is immaterial because, under either salary amount, the Court would grant the motion to proceed IFP.

life if any unexpected bills were to arise.  Accordingly, the Court finds Spencer is entitled to proceed IFP and the Court's hereby waives the filing fees.  Thus, Spencer's application to proceed *in forma pauperis* is GRANTED.

**B.    Sua Sponte Dismissal Pursuant To 28 U.S.C. § 1915(e)(2)**

       **1.    Legal standards**

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "(i) frivolous, or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim . . . [and] a demand for the relief sought, which may include relief in the alternative or different types of relief."  A complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996); *see also Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) ("To comply with Rule 8 each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case . . . .").  To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Legal conclusions are "not entitled to the assumption of truth." *Id.* at 679–80.  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Courts "liberally construe[]" pro se claims and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)

23-cv-771-GPC-BLM

(quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  "This rule is particularly important in civil rights cases."  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

### 2.    Discussion

Spencer alleges that he identifies as African American and has been working for both the City Heights Recreation Center ("Center") and Mid City Gymnasium ("Gym")[4] since August 2019.  ECF No. 5 at 3.  He alleges that the Area Manager and Center Director at the Center are both Mexican persons that "haven't hired any African Americans . . . since [Spencer] was[] hired."  *Id*. at 3.  He includes "a list of names and races" of people purportedly "hired since 2019."  *Id*. at 3–9.  Of the nine of people on the list, Spencer alleges that only one is African American; the rest are primarily Mexican along with one European American and two biracial individuals.[5]  *Id*. at 4–9.  Spencer alleges that his coworkers are "habitual slackers" that break the rules; that the onus of the workload "always falls on [him] and that [he is blamed for] anything that is incomplete"; that he completes all his work; that he arrives early and stays late as needed; and that despite applying for various promotions, they have all "been filled by Mexicans."  *Id*. at 8–10 (emphasis removed).

Spencer alleges that the people empowered to make hiring and promotion decisions at the Center and the Gym made decisions based on improper factors.  For example, he alleges that the Manager displayed nepotism when he helped his god son obtain a promotion at the Center.  *Id*. at 4.  Broadly construing the Complaint, the Manager also purportedly displayed a bias in favor of someone that shares his same nationality when he promoted a Mexican employee twice in two years.  *Id.*  Spencer alleges that this employee has repeatedly violated her terms of employment.  *Id.* at 4–6.  Spencer allegedly reported these violations to the Director, though it is unclear if anything came of his reporting.  *Id*.

---

[4] The Center and the Gym appear to be distinct entities within the City of San Diego, though their exact relationship is unclear from the Complaint.
[5] The Court relies on the terminology Spencer uses in his Complaint and makes no findings of fact as to the races, nationalities, or ethnicities of the individuals listed.

23-cv-771-GPC-BLM

Spencer alleges that a third employee, who is African American, was "given his position" at the Gym, and then later his promotion at South Crest Park, due to his friendship with the Manager and the Manager's son. *Id.* at 6–7. Spencer alleges that this third employee has also repeatedly violated the terms of employment and that Spencer has reported the violations to both the Manager and Director but "nothing changed." *Id.* at 7.

Spencer's case caption suggests that his causes of action include racial discrimination, retaliation, favoritism, slander, nepotism, and bullying. *Id.* at 1. However, the Complaint appears to invoke causes of action only for racial discrimination, favoritism, and nepotism. *See id.* at 3–10 (making no mention of retaliation, slander, or bullying).

In order to bring a cause of action under the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900–53, or Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17, a plaintiff must first exhaust their administrative remedies. *See Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479, 492 (1996) ("Under FEHA, the employee must exhaust the administrative remedy provided by the statute by filing a complaint with the Department of Fair Employment and Housing (Department) and must obtain from the Department a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA."); *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1104 (9th Cir. 2018) (requiring plaintiff to exhaust administrative remedies prior to bringing a lawsuit "by filing a charge with the Equal Opportunity Commission ('EEOC') or a qualifying state agency and receiving a right-to-sue notice"). However, non-statutory claims do not require exhaustion. *E.g. Rojo v. Kliger*, 52 Cal. 3d 65, 88 (1990). For example, "a claim for wrongful termination in violation of public policy" is exempt from FEHA's administrative requirements. *Wade v. Ports Am. Mgmt. Corp.*, 218 Cal. App. 4th 648, 655-56 (2013). Spencer does not specify in his amended complaint whether his claims arise under statute, common law, or something else entirely. To the extent his claims arise under federal or state employment discrimination statutes, they fail because he does not allege that he has obtained a right-to-sue notice from the appropriate state or federal agency, or that he has otherwise exhausted his administrative remedies.

The amended complaint also does not make any request for any form of relief. *Compare* ECF No. 1 at 3 (instructing plaintiff to "[s]tate exactly what [the plaintiff] want[s] the court to do"), *and* ECF No. 4 at 4, 6 (identifying deficiencies with requested relief in original complaint and instructing that any "amended complaint must be complete by itself without reference to any previous pleading"), *with* ECF No. 5 (page for requested relief omitted and statement of facts do not include request for relief). Absent any requested relief, the amended complaint fails to state a claim upon which the Court may grant relief and therefore must be dismissed.

If Spencer intends to proceed in this matter, he should submit an amended complaint within **30 days** of the date of this Order. The amended complaint should clearly explain the facts giving rise to his alleged injuries. The requested relief should be of the sort that offers redress for the alleged injuries. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (describing injury, causation, and redressability requirements for constitutional standing). Finally, if Spencer is seeking to recover under a statute that requires exhaustion of administrative remedies, such as California's FEHA or Title VII of the Civil Rights Act of 1964, the amended complaint should allege that he has exhausted such remedies and has obtained a right-to-sue notice from the appropriate agency.

## C. Leave To Amend

District courts "should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)).

The Court GRANTS Spencer LEAVE TO AMEND his complaint. If Spencer would like to proceed in this matter, he must file an amended complaint within **30 days** of the date of this Order. The amended complaint must be complete by itself without reference to any previous pleading. *See* Civ. L. Rule 15.1(a). The amended complaint should clearly state the causes of action upon which Spencer's claims are based—such as any common law, statutory, or constitutional violation.

23-cv-771-GPC-BLM

If Spencer fails to timely amend, the Court will enter a final order dismissing the entire action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

## D.   Conclusion

For the reasons explained above, the Court GRANTS Spencer's request to proceed *in forma pauperis* and sua sponte DISMISSES his complaint for failure to state a claim upon which relief may be granted. <u>Any amended filings must be made within **30 days** of the date of this Order or else the case will be closed without further opportunity to amend</u>.

**IT IS SO ORDERED.**

Dated:  August 4, 2023

Hon. Gonzalo P. Curiel
United States District Judge

23-cv-771-GPC-BLM