UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN SPENCER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO,<br><br>　　　　　　　　　　Defendant. | Case No.: 23-cv-771-GPC-BLM<br><br>**ORDER SUA SPONTE DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM; ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF Nos. 8-9]** |

*Pro Se* Plaintiff Melvin Spencer sued Defendant the City of San Diego, his employer, for racial discrimination, nepotism, favoritism, and slander on April 27, 2023. ECF No. 1. In response to the Court's order sua sponte dismissing, for the second time, Plaintiff's complaint for failure to state a claim, ECF Nos. 4, 7, Plaintiff timely filed a second amended complaint ("SAC") on August 14, 2023. ECF No. 8. Based on the reasoning below, the Court sua sponte DISMISSES the SAC for failure to state a claim and grants Plaintiff leave to amend.

# Background

The facts alleged in Plaintiff's SAC almost entirely mirror the allegations and facts presented in his first amended complaint ("FAC")—described in the Court's previous order, ECF No. 7 at 4-5. As such, the Court summarizes his factual allegations only briefly.

The SAC's case caption suggests that Plaintiff's causes of action include racial discrimination, nepotism, favoritism, and slander. ECF No. 8 at 1. Plaintiff identifies as African American and has been working for both the City Heights Recreation Center ("Center") and Mid City Gymnasium ("Gym") within the City of San Diego Department of Parks and Recreation ("Parks & Recreation") since August 2019. *Id.* at 2. Broadly construing the SAC, Plaintiff alleges that the Area Manager and Center Director, both Mexican, displayed a bias for individuals who share their nationality or heritage, hiring and promoting primarily Mexicans. *Id.* at 2, 7-8. He states that the Center and Gym have not hired an African American person since Plaintiff was hired in 2019, *id.* at 2, 7, though he admits that an African American who had previously worked for Parks & Recreation was hired as a supervisor in 2022 and later promoted, *id.* at 5, 7. He seems to more generally assert that those responsible for hiring and promoting at Parks & Recreation overlook him for promotions, favoring Mexican candidates over him. *Id.* at 8-9. Additionally, he asserts the Area Manager committed nepotism and favoritism when he helped his god son obtain a promotion at the Center and promoted his friends. *Id.* at 3, 5.

The only new facts presented in the SAC are Plaintiff's allegations that several Mexican patrons of the Center or Gym falsely accused him of verbal and physical assault or of being rude but that internal investigations proved their accusations to be unfounded. *Id.* at 8-9. The patrons are not named defendants and the SAC does not allege that they are in any way connected to Defendant the City of San Diego.

## Sua Sponte Review of the Second Amended Complaint

A complaint filed by any person proceeding *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal by the Court

if, inter alia, it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss, sua sponte and prior to service of process, a complaint that fails to state a claim"); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

A complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996); *see also Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Federal Rule of Civil Procedure ("Rule") 8(a)(2)-(3) explicitly requires that a complaint include a "short and plain statement of the claim showing the pleader is entitled to relief" and "a demand for the relief sought." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In determining whether to dismiss a complaint for failure to state a claim, the factual allegations in the complaint must be accepted as true and all reasonable inferences must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Moreover, courts "liberally construe[]" pro se claims and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted). "This rule is particularly important in civil rights cases." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Still, "the court is [not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Plaintiff's SAC alleges racial discrimination, slander, nepotism, and favoritism in his case caption. ECF No. 8 at 1. The Court construes Plaintiff's allegations of racial

discrimination as a claim arising under both Title VII and California's Fair Employment and Housing Act ("FEHA"), both of which prohibit employers from discriminating against a person in their employment on the basis of race.[1] 42 U.S.C. § 2000e-2(a); Cal. Gov't Code § 12940(a). To make a prima facie case of discrimination under Title VII and FEHA, Plaintiff must assert that: "(1) he was a member of a protected class; (2) he was qualified for the position he sought or was performing competently in the position he held; (3) he suffered an adverse employment action, such as a termination, demotion, or denial of an available job; and (4) some other circumstance suggests a discriminatory motive." *Pinder v. Emp. Dev. Dep't*, 227 F. Supp. 3d 1123, 1137 (E.D. Cal. 2017).

Here, Plaintiff sufficiently alleges that he is a member of a protected class as an African American, ECF No. 8 at 2, and that he suffered adverse employment actions—i.e., he was not selected for promotions or for a series of jobs to which he applied within Parks & Recreation, *id.* at 7-8 (stating that he interviewed but was not hired for "Rec Leader 2" twice, "Grounds Maintenance Worker 1 & 2," and "Assistant Recreation Director"). However, as to the second element, he has failed to allege any facts relating to his qualifications for the positions he sought or his competence in performing his current position. *Id.* (absence).

Additionally, with respect to the fourth element—circumstances suggesting a discriminatory motive—Plaintiff's allegations fail to plausibly suggest that Defendant had a discriminatory motive. First, it is not clear that the individuals discussed in the SAC are those responsible for hiring the positions to which he applied. Second, Plaintiff states that the interviewers for the positions to which he applied were Mexican, Parks & Recreation hired Mexicans for the positions, and ninety-nine percent of the staff at Parks & Recreation are Mexican. *Id.* at 8. Yet he also notes that an African American was hired

---

[1] Plaintiff has exhausted his administrative remedies for these claims. *See* ECF No. 8 at 10-11 (right to sue notices from the California Civil Rights Department and the United States Equal Employment Opportunity Commission).

as supervisor in October 2022 and later promoted to Center Director, *id.* at 5-6, and that since 2019, the Center and Gym have hired three Mexicans, one "Latin American," one "European American," and two "biracial" people, *id.* at 2-3. That the Center and Gym have hired two "biracial" people and at least one African American, who was promoted in 2022, undercuts Plaintiff's allegation of discriminatory motive. Moreover, that it is not clear that Plaintiff was qualified for the jobs to which he applied makes an inference of discriminatory motive unreasonable. Therefore, he fails to state a claim under FEHA and Title VII for racial discrimination.

Plaintiff's claim of slander fails to state a claim on which relief can be granted because the individuals whom he alleges slandered him are not City of San Diego employees or otherwise named defendants. *Id.* at 8-9; *see* Cal. Civ. Code § 46 (elements of statutory slander); *KM Strategic Mgmt., LLC v. Am. Cas. Co.*, 156 F. Supp. 3d 1154, 1166 (C.D. Cal. 2015) (elements of defamation via slander). One woman was a San Diego County employee and the others appear to be patrons of the Center or Gym. *Id.*

Further, Plaintiff's pleading fails to state a cognizable cause of action for nepotism or favoritism. As in the FAC, Plaintiff does not specify the law under which his claims arise, and the Court is unable to determine the legal source of his nepotism or favoritism claims. Accordingly, the Court must dismiss them. *See Anderson v. Snap, Inc.*, No. 22-cv-256, 2022 WL 2759089, at *3 (S.D. Cal. July 14, 2022) ("Plaintiff's Complaint does not allege a clearly identifiable actionable claim, nor does he provide sufficient factual allegations from which the Court can discern a cause of action."); *Jones v. Becerra*, No. cv-17-7846, 2018 WL 6177253, at *2 (C.D. Cal. Feb. 7, 2018) (dismissing a complaint in part because "one cannot determine from the complaint who is being sued, for what relief, and on what theory.").

Moreover, Rule 8(a)(3) provides that a pleading must contain "a demand for the relief sought." The requested relief should be of the sort that offers redress for the alleged injuries. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (describing injury,

causation, and redressability requirements for constitutional standing). The SAC, like the FAC, does not request any form of relief.  *See* ECF No. 8 (absence).

Because the SAC fails to state a claim upon which the Court may grant relief and fails to request relief, the Court DISMISSES the SAC.

### Leave To Amend

District courts "should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks and citation omitted).  Because it is not "absolutely clear" that the deficiencies described above cannot be cured, the Court GRANTS Plaintiff LEAVE TO AMEND his complaint.

The amended complaint should clearly state the specific statutory, common law, or constitutional law under which the claims arise, detail the facts that support the elements of those claims, and specify the specific relief sought. The amended complaint must be complete by itself without reference to any previous pleading. Civ. L. Rule 15.1(a).

The Court encourages Plaintiff to utilize the standard civil rights complaint form if he chooses to file an amended complaint and orders the Clerk of Court to send a copy to him with this order. *See Jones v. Wu*, No. cv-15-5884, 2015 WL 7722344, at *3 (C.D. Cal. Nov. 30, 2015) (urging plaintiff to use standard civil rights complaint form).

If Plaintiff fails to timely amend, the Court will enter a final order dismissing the action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

### Second Motion to Proceed *In Forma Pauperis*

The Court already granted Plaintiff's application to proceed IFP, ECF. No. 7 at 2-3, so Plaintiff does not need to submit a second application. Thus, Plaintiff's second application to proceed IFP is DENIED.

## Conclusion

For the reasons explained above, the Court sua sponte DISMISSES Plaintiff's complaint for failure to state a claim upon which relief may be granted, and GRANTS Plaintiff leave to amend. <u>Any amended filings must be made within **45 days** of the date of this Order or else the case will be closed without further opportunity to amend</u>. The Court orders the Clerk of Court to send Plaintiff a copy of the standard civil rights complaint form with this order.

**IT IS SO ORDERED.**

Dated: November 14, 2023

Hon. Gonzalo P. Curiel
United States District Judge